[No. B173974. Second Dist., Div. One. Nov. 10, 2004.]

CURTIS T., a Minor, etc., Plaintiff and Appellant, v.
THE COUNTY OF LOS ANGELES, Defendant and Respondent.

1406

**COUNSEL**

Glickman & Glickman and Steven C. Glickman for Plaintiff and Appellant.

Kessel & Associates and Elizabeth M. Kessel for Defendant and Respondent.

**OPINION**

**ORTEGA, J.**—In this tort action against the County of Los Angeles, the minor plaintiff alleged that he was molested by another child for several years while living in a foster home, and that his foster parent saw the alleged molestation but failed to stop it. The trial court sustained the County's demurrer without leave to amend due to the minor plaintiff's failure to file a claim within six months of the accrual of his cause of action, as measured from the date the alleged molestation ended.

Plaintiff has appealed from the order of dismissal, contending his claim was timely filed within six months of the accrual of his cause of action, as measured from the date of his mother's discovery of the alleged molestation. According to the complaint, plaintiff's mother did not discover the molestation until plaintiff was questioned about having molested his sister.

We reject the County's contention that under *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948] (*John R.*), plaintiff's cause of action accrued, *as a matter of law*, on the date of the alleged molestation. In our view, while the Supreme Court in *John R.* refrained from applying the "delayed discovery" theory of accrual to the facts of that case, *John R.* ultimately expressed no rule and imposed no prohibition against equitably applying the delayed discovery theory of accrual in an appropriate child sexual molestation case. In particular, *John R.* said nothing about whether the theory applies to a much younger plaintiff who was living in foster care when the alleged abuse occurred, and whose foster parent saw the abuse but did nothing to stop it.

We reverse the order of dismissal and direct the trial court to enter a new order sustaining the demurrer with leave to amend. We hold that plaintiff must be given leave to amend to allege, if he is able to do so *truthfully*—given his youth, ignorance, and inexperience, as well as his foster parent's alleged complicity in the abuse—that he lacked a real awareness, until his mother's discovery of the alleged molestation, that what happened to him between the ages of five and eight was wrong. Such *truthful* allegations would be sufficient, in our view, to invoke the equitable delayed discovery rule of accrual, under which plaintiff's claim would be deemed timely for pleading purposes.

## BACKGROUND

Defendant County of Los Angeles successfully demurred to a tort complaint which alleged that plaintiff Curtis T., a minor, was sexually molested by another child between March 1996, and February 1999, while living in a foster home "operated under the auspices of" the County. The foster parent allegedly saw the other child "molesting plaintiff but failed to take any appropriate steps to protect plaintiff or otherwise to prevent further molestation."

The trial court sustained the County's demurrer without leave to amend due to plaintiff's failure to file a timely claim as required by the California Tort Claims Act. (Gov. Code, § 810 et seq.; hereinafter, the Act.) Government Code section 911.2 requires that personal injury claims be filed "not later than six months after the accrual of the cause of action."

The sole theory of accrual under which plaintiff's claim would be judged to be timely is the delayed discovery theory of accrual. If that theory applies to this case, then the Act's six-month claims filing period did not start until plaintiff's mother had knowledge of the alleged molestation. Plaintiff contends his claim was timely filed on March 7, 2003, which was within six months of his mother's discovery of the alleged molestation on September 25, 2002.

The County responds that plaintiff's claim was not timely because his cause of action accrued, at the latest, in February 1999, when the alleged abuse ended.

Believing the allegation of abuse while in foster care to be a significant factor in determining whether the demurrer was properly sustained without leave to amend, we requested supplemental briefing. Two points were critical in our request for briefing: *County of Los Angeles v. Superior Court* (2001)

91 Cal.App.4th 1303, 1313 [111 Cal.Rptr.2d 471] (*County of Los Angeles*), and recent amendments to Government Code section 911.4.

In *County of Los Angeles,* the minor plaintiffs allegedly sustained personal injuries from physical and psychological abuse while in foster care between 1991 and 1996. Division Three of this appellate district held that the minors' late-claim application, which was filed in 1999, was timely because the one-year period within which to file a late-claim application excludes the time during which the claimant "does not have a guardian or conservator of his or her person . . . ." (Gov. Code, § 911.4, subd. (c)(1).) Division Three found the late-claim application was timely filed because until the minors had a parent or guardian legally able to represent their interests, the one-year late-claim period was tolled. (*County of Los Angeles, supra,* 91 Cal.App.4th at p. 1313 ["Therefore, the time within which Minors had to present their application to file a late claim did not begin to run until they had a parent or guardian legally able to represent their interests; that did not occur until January 23, 1998, when the dependency case terminated"].)[1]

In October 1999, the Legislature amended Government Code section 911.4 by adding former subdivision (d) (renumbered as subdivision (c)(2) in 2003), which excluded, from the one-year period for late-claim applications, the time during which the minor is a dependent child, if *both* of the following conditions exist: "(A) The person is in the custody and control of an agency of the public entity to which a claim is to be presented. [¶] (B) The public entity or its agency having custody and control of the minor is required by statute or other law to make a report of injury, abuse, or neglect to either the juvenile court or the minor's attorney, and that entity or its agency fails to make this report within the time required by the statute or other enactment, with this time period to commence on the date on which the public entity or its agency becomes aware of the injury, neglect, or abuse. In circumstances where the public entity or its agency makes a late report, the claim period shall be tolled for the period of the delay caused by the failure to make a timely report." (Gov. Code, § 911.4, subd. (c)(2)(A), (B).)

In this case, given the complaint's failure to state if or when plaintiff's dependency case was terminated, we requested additional briefing to determine whether *County of Los Angeles* and the recent amendments to Government Code section 911.4 were potentially applicable to this case.

---

[1] In 2003, the Legislature codified *County of Los Angeles'* holding by adding subdivision (c)(3) to Government Code section 911.4, which states: "The time shall not be counted during which a minor is adjudged to be a dependent child of the juvenile court . . . , if the minor is without a guardian ad litem or conservator for purposes of filing civil actions."

The County's supplemental brief included a request to take judicial notice, which we granted, of juvenile court records showing that plaintiff's dependency case was terminated on October 20, 1999. This new information allowed us to reach the following conclusions:

■ Under *County of Los Angeles*, in the absence of a delayed accrual, plaintiff had only one year from the termination of his dependency case on October 20, 1999, in which to file an application for leave to file a late claim. (*County of Los Angeles, supra*, 91 Cal.App.4th at p. 1313.) Given plaintiff's failure to comply with this deadline, we distinguish *County of Los Angeles*, which is of no assistance to plaintiff.

■ Similarly, the 1999 amendment to Government Code section 911.4, which added the tolling provisions presently numbered as subdivision (c)(2), is of no assistance to plaintiff because as of October 20, 1999, he was no longer "in the custody and control of an agency of the public entity to which a claim is to be presented." (Gov. Code, § 911.4, subd. (c)(2)(A).)

We therefore are left with the issues as they were originally framed by plaintiff in his opening brief: Was the accrual of his cause of action delayed until either (1) his mother discovered the alleged molestation on September 25, 2002 (citing *Whitfield v. Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588] (*Whitfield*) [accrual of a minor's *medical malpractice* claim is delayed until the minor's parent discovers or through the exercise of reasonable diligence should have discovered the child's injury and its negligent cause]), or (2) his mother was appointed as his guardian ad litem in this litigation on June 26, 2003?[2]

## ALLEGATIONS & PROCEDURAL HISTORY[3]

Plaintiff was born in July 1990. On a date not stated in the complaint, a dependency proceeding was initiated under Welfare and Institutions Code section 300 and plaintiff was "placed through the Los Angeles County Children's Protective Services into the foster home run by [defendant] Charlie Daniels . . . ."[4] Daniels operated the foster home "under the auspices of" the County. During the period ("sometime between March 1996 and February 1999") when plaintiff was between five and eight years old, plaintiff

---

[2] Given our reversal of the dismissal order based on the first issue, we will not address the second issue other than to point out that it was rejected in *County of Los Angeles, supra*, 91 Cal.App.4th at pages 1309–1310.

[3] The factual allegations are taken from the complaint. For purposes of ruling on the demurrer, the court accepts as true the facts alleged in the complaint. (*John R., supra*, 48 Cal.3d at p. 441, fn. 1.)

[4] Defendant Daniels is not a party to this appeal.

was allegedly sexually molested by another child, Horatio, who also lived in the foster home. "[D]efendant Daniels in fact walked in and saw HORATIO molesting plaintiff but failed to take any appropriate steps to protect plaintiff or otherwise to prevent further molestation."

On October 20, 1999, plaintiff's dependency case was terminated and his mother regained custody over him.

On March 7, 2003, plaintiff, who was then 12, filed a claim with the County for sexual molestation occurring between March 1996, and February 1999, in the foster home. The claim "indicated that the molestation was discovered [by plaintiff's mother] on September 25, 2002." The County denied plaintiff's claim as untimely on March 28, 2003. Plaintiff did not seek leave to file a late claim. (Gov. Code, § 911.4.)[5]

On June 4, 2003, plaintiff, by and through his mother and guardian ad litem Olga T., filed the present complaint for damages against the County, Daniels, and the Foster Family Home and Small Family Home Insurance

---

[5] "(a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of a cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim.

"(b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application.

"(c) In computing the one-year period under subdivision (b), the following shall apply:

"(1) The time during which the person who sustained the alleged injury, damage, or loss as a minor shall be counted, but the time during which he or she is mentally incapacitated and does not have a guardian or conservator of his or her person shall not be counted.

"(2) The time shall not be counted during which the person is detained or adjudged to be a dependent child of the juvenile court under the Arnold-Kennick Juvenile Court Law (Chapter 2) (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code), if both of the following conditions exist:

"(A) The person is in the custody and control of an agency of the public entity to which a claim is to be presented.

"(B) The public entity or its agency having custody and control of the minor is required by statute or other law to make a report of injury, abuse, or neglect to either the juvenile court or the minor's attorney, and that entity or its agency fails to make this report within the time required by the statute or other enactment, with this time period to commence on the date on which the public entity or its agency becomes aware of the injury, neglect, or abuse. In circumstances where the public entity or its agency makes a late report, the claim period shall be tolled for the period of the delay caused by the failure to make a timely report.

"(3) The time shall not be counted during which a minor is adjudged to be a dependent child of the juvenile court under the Arnold-Kennick Juvenile Court Law (Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code), if the minor is without a guardian ad litem or conservator for purposes of filing civil actions." (Gov. Code, § 911.4.)

Fund.[6] The complaint alleged the claim was timely because it "was in fact filed within six month[s] of the date of the discovery by plaintiff's parent." Plaintiff's mother allegedly discovered the abuse on September 25, 2002, "when plaintiff was questioned regarding allegations of having molested his sister. At that time, the information regarding the prior molestation was revealed." In support of the delayed discovery rule of accrual, plaintiff cited *Whitfield, supra,* 10 Cal.3d at page 885, which held that accrual of a minor's cause of action for medical malpractice is delayed until the parent discovers, or through the exercise of reasonable diligence, should have discovered the injury and its negligent cause.

The County demurred to the complaint, contending that plaintiff's action was barred due to his failure to file a timely claim or obtain leave to file a late claim. The County contended *Whitfield*'s delayed discovery theory of accrual for minors' medical malpractice claims was "superceded by Code of Civil Procedure section 340.5,"[7] which shortened the limitations statute for medical malpractice claims by minors without providing them with the same delayed discovery rule that adults were given. The County argued that the accrual of a minor's claim for molestation "begins on the date of molestation. *Ortega v. Pajaro Valley Unified School District* (1998) 64 Cal.App.4th 1023, 1053–1054 [75 Cal.Rptr.2d 777][.] There is no 'delayed discovery' rule with respect to such government claims. Therefore, plaintiff had until[,] at the latest, August[] 1999 to file his claim pursuant to Government Code section

---

[6] The Foster Family Home and Small Family Home Insurance Fund (Fund) was dismissed without prejudice on January 27, 2004. "The Fund was established by the Legislature to pay, on behalf of foster family homes, claims by foster children and others resulting from occurrences peculiar to the foster care relationship and the provision of foster care services. (Health & Saf. Code, § 1527.1.) The Fund's liability is capped at $300,000 for any single foster family home for all claims arising due to one or more occurrences during a single calendar year (Health & Saf. Code, § 1527.4), and the Fund is not liable for any loss arising out of 'a dishonest, fraudulent, criminal, or intentional act.' (Health & Saf. Code, § 1527.3, subd. (a).)" (*Rodriguez v. Superior Court* (2003) 108 Cal.App.4th 301, 303 [133 Cal.Rptr.2d 294].)

[7] Code of Civil Procedure section 340.5 provides in part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence. . . ."

911.2, and until February[] 2000, at the latest, to file a late claim application pursuant to Government Code section 911.4. Plaintiff concedes he never filed a late claim application, and that his claim was only filed on March 7, 2003, *over four years after the latest molestation.* Since plaintiff did not file a late claim application within one year of accrual of his cause of action, it would be a futile act to allow plaintiff to seek relief from Government Code section 945.4, since he cannot cure this failure. A late claim application is a prerequisite to obtaining relief from Government Code section 945.4."[8]

The trial court sustained the demurrer without leave to amend and entered an order of dismissal. This appeal followed.

## DISCUSSION

"In examining the sufficiency of the complaint, '[w]e treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citations.] '[W]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citation.]" (*First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662 [15 Cal.Rptr.2d 173].)

### A. *Governmental Immunity*

█ The starting point of our analysis is that governmental entities are immune from being sued unless the Legislature has specifically provided otherwise. The Act sets forth the limited circumstances under which the state and other political subdivisions may be sued and the applicable procedural requirements.

---

[8] Government Code section 945.4 provides: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division." (Gov. Code, § 945.4.)

Government Code section 946.6, subdivision (a) provides in part: "If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4 . . . ."

■ The Act's claim filing requirement applies to minors,[9] and is based on the following principles: "(1) that neither the state nor any of its political subdivisions may be sued in the absence of specific statutory permission; (2) that where a right of action against the state or any of its political subdivisions is created by statute, such right may be circumscribed by any conditions that the Legislature may see fit to impose; and (3) that when the Legislature enacts a mandatory provision requiring in general terms that all claims must be presented before any action may be brought thereon, compliance with such condition is an indispensable prerequisite to the bringing of any such action by any person, regardless of his age or his physical or mental condition. [Citation.]" (*Artukovich v. Astendorf* (1942) 21 Cal.2d 329, 331–332 [131 P.2d 831].)

■ Under the Act, the County may only be sued for personal injury damages by a plaintiff whose timely claim was denied or deemed rejected by the County. (Gov. Code, §§ 911.2, 945.4.)

B. *Accrual Under the Tort Claims Act*

■ Under the Act, personal injury claims must be filed within six months of their accrual. Government Code section 911.2 requires that personal injury claims be filed "not later than six months after the accrual of the cause of action."

The Act provides that "the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon. . . ." (Gov. Code, § 901.)

The California Supreme Court explained accrual under the Act as follows: "A cause of action accrues for purposes of the filing requirements of the Tort

---

[9] The claims filing requirement has a large impact on minors' legal rights. Where the minor plaintiff has a cause of action against a *private* entity, the accrual of the minor's cause of action is delayed under Code of Civil Procedure section 352, subdivision (a) until the plaintiff becomes an adult: "If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action." Where the minor plaintiff has a cause of action against a governmental entity, the accrual of the minor's cause of action is not necessarily delayed until adulthood. The tolling provision of Code of Civil Procedure section 352, subdivision (a) does not apply to causes of action brought by minors "against a public entity or public employee upon a cause of action for which a claim is required to be presented" under the Act. (Code Civ. Proc., § 352, subd. (b).)

Claims Act on the same date a similar action against a nonpublic entity would be deemed to accrue for purposes of applying the relevant statute of limitations. (Gov. Code, § 901.) For minors, however, the time of accrual is generally more significant in the context of the claims statute. With certain exceptions, the statute of limitations does not run during the time a potential plaintiff is a minor, and such a party accordingly has up to a year[10] after attaining the age of majority to bring suit on a cause of action for personal injury. (See Code Civ. Proc., § 352, subd. (a).) *This respite does not apply to a claim against a public entity under the Tort Claims Act, however (Code Civ. Proc., § 352, subd. (b)), and Government Code section 911.4, subdivision (b) expressly provides that the 'time during which the person who sustained the alleged injury, damage, or loss is a minor shall be counted' in determining whether a late-claim application was timely filed within one year of the accrual of the cause of action." (John R., supra, 48 Cal.3d at p. 444, fn. 3,* italics added.)

## C. *The Delayed Discovery Rule of Accrual*

Plaintiff contends his cause of action against the County did not accrue until his mother discovered the alleged molestation, citing the delayed discovery rule applicable to minors' medical malpractice causes of action (see *Whitfield, supra,* 10 Cal.3d at p. 885). The County responds, among other things, that *Whitfield*'s delayed discovery rule for minors' medical malpractice claims has been superseded by statutory amendments to the statute of limitations for medical malpractice claims (Code Civ. Proc., § 340.5), and that *John R., supra,* 48 Cal.3d at page 444, rejected the judicial application of the delayed discovery rule to minors' child molestation claims.

Before discussing *Whitfield* and *John R.,* however, we note that the delayed discovery rule of accrual has been judicially applied to claims other than medical malpractice. The "rule delaying accrual until the plaintiff has discovered or should have discovered the facts establishing the essential elements of his or her cause of action . . . originated in cases of medical malpractice (*Huysman v. Kirsch* (1936) 6 Cal.2d 302, 306–313 [57 P.2d 908]), and progressive occupational illness (*Marsh v. Industrial Acc. Com.* (1933) 217 Cal. 338, 351 [18 P.2d 933]), but California courts have since recognized its application to other tort actions. These have included attorney malpractice (*Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 190 [98 Cal.Rptr. 837, 491 P.2d 421]), liability for defective drugs (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109 [245 Cal.Rptr. 658, 751 P.2d 923]), invasion of privacy (*Cain v. State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310, 315 [132 Cal.Rptr. 860]), libel (*Manguso v. Oceanside*

---

[10] In 2002, the Legislature expanded the statute of limitations for certain personal injury claims from one to two years. (Code Civ. Proc., § 335.1.)

*Unified School Dist.* (1979) 88 Cal.App.3d 725, 731 [152 Cal.Rptr. 27]), and underground trespass (*Oakes v. McCarthy Co.* (1968) 267 Cal.App.2d 231, 255 [73 Cal.Rptr. 127]). The rule has been applied as well in certain cases arising from contract, such as breaches committed in secret and without immediately discoverable harm (*April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 832 [195 Cal.Rptr. 421]), negligent breach of contract to ship personal goods (*Allred v. Bekins Wide World Van Services* (1975) 45 Cal.App.3d 984, 991 [120 Cal.Rptr. 312]), and negligent breach of contract to conduct termite inspection (*Seelenfreund v. Terminix of Northern Cal., Inc.* (1978) 84 Cal.App.3d 133, 136–139 [148 Cal.Rptr. 307])." (*Evans v. Eckelman* (1990) 216 Cal.App.3d 1609, 1614 [265 Cal.Rptr. 605] (*Evans*).)

In addition to the judicial application of the delayed discovery rule, the Legislature has adopted the delayed discovery rule in certain statutes of limitations, such as for medical malpractice[11] and legal malpractice.[12] While the medical malpractice statute of limitations (Code Civ. Proc., § 340.5) provides a delayed discovery rule for adults but *not* minors, whose actions must "be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period," we held the statute's failure to provide a delayed discovery rule for minors violated their right to equal protection by providing different rules of accrual for adults and minors. (*Photias v. Doerfler* (1996) 45 Cal.App.4th 1014 [53 Cal.Rptr.2d 202]; see also *Torres v. County of Los Angeles* (1989) 209 Cal.App.3d 325, 333–334 [257 Cal.Rptr. 211].) Accordingly, while the County's assertion that the post-*Whitfield* amendments to Code of Civil Procedure section 340.5 failed to provide a delayed discovery rule of accrual for minors' medical malpractice claims is correct, the courts have read the rule into the statute on constitutional grounds.

The fact that the delayed discovery rule of accrual has been applied to minors' medical malpractice claims does not necessarily mean, however, that it will be applied to all minors' sexual molestation claims. In *John R.,* for example, the Supreme Court did not apply the delayed discovery rule of accrual to the facts of that case. (*John R., supra,* 48 Cal.3d at p. 444.)

---

[11] "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. . . ." (Code Civ. Proc., § 340.5.)

[12] "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. . . ." (Code Civ. Proc., § 340.6, subd. (a).)

■ While there is no blanket rule for always or never applying the delayed discovery rule to minors' molestation cases, we believe the courts may equitably apply the delayed discovery rule in appropriate child molestation cases. *Whitfield*, the case on which plaintiff relies heavily, does not offer much, if any, guidance on when the courts should apply the delayed discovery rule in contexts other than medical malpractice.

*Whitfield* correctly pointed out that in malpractice cases, " 'the statute of limitations commences to run when the plaintiff discovers the injury and its negligent cause or through the exercise of reasonable diligence should have discovered it.' [*Wozniak v. Peninsula Hospital* (1969) 1 Cal.App.3d 716, 722 [82 Cal.Rptr. 84].] [¶] *Where the plaintiff is a minor, it is not the knowledge or lack thereof of the minor, but the knowledge or lack thereof of the minor's parents which determines the time of accrual of the cause of action. [Id.* at p. 723 . . . .]" (*Whitfield, supra,* 10 Cal.3d at p. 885, italics added.) The last italicized sentence quoted from *Whitfield* does not, in our view, create a blanket delayed discovery rule applicable to *all* causes of action where a minor is the plaintiff.

*John R., supra,* 48 Cal.3d 438, upon which the County heavily relies, also is of little assistance because the Supreme Court declined to reach the question of whether to apply the delayed discovery rule to the facts of that case. The Supreme Court merely stated, "Our initial review of this issue raised a serious question in our minds whether the relevant authorities supported application of a delayed discovery theory of accrual on the facts of this case[.]" (*Id.* at p. 444.) *John R.* articulated no principles for applying or rejecting the delayed discovery rule of accrual in other child molestation cases.

Other than to express its serious reservations about applying the delayed discovery rule to the facts before it, *John R.* gave no guidance about applying the rule in other situations. As one court put it: "The Supreme Court . . . declined to reach the general question in *John R.[, supra,]* 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948] . . . , instead remanding for a determination of whether a teacher's threat of retaliation had estopped the school district from asserting plaintiff had not filed a timely claim notice. (*Id.,* at pp. 444–445.) One dissenting opinion suggested that delayed discovery should not be extended to molestation cases. (*Id.,* at pp. 460–462 (conc. and dis. opn. of Eagleson, J.).)" (*Evans, supra,* 216 Cal.App.3d at p. 1614.)

The County nevertheless cites the Supreme Court's refusal to apply the delayed discovery theory of accrual in *John R.* as authority for the proposition that "government claims for sexual abuse of a minor accrue on the date of molestation." We do not read *John R.* so broadly, however. As noted in

*John R.,* the issue of timeliness was simply the "threshold question" (*John R., · supra,* 48 Cal.3d at p. 443) to the "principal" (*id.* at p. 441) and "more pressing question" (*id.* at p. 446) of whether the district may be held "vicariously liable for the acts of its employee under the doctrine of respondeat superior." (*Id.* at p. 447.)

Apart from the recent amendments to Government Code section 911.4 (which tolled the one-year period within which to file late-claim applications for injuries suffered by dependent children in certain situations that do not exist here), the Legislature has adopted no legislation concerning the delayed discovery rule in the context of minors' molestation cases. We know of no statute that either mandates or prohibits the application of the delayed discovery rule to a minor's molestation claims, *filed while he is still a minor,* against a public entity. (Cf. *Evans, supra,* 216 Cal.App.3d at p. 1614.) As was pointed out in *Evans,* in the original version of Code of Civil Procedure section 340.1, which sets forth the statute of limitations for childhood sexual abuse claims brought by *adult* plaintiffs, former subdivision (d) provided: " 'Nothing in this bill is intended to preclude the courts from applying delayed discovery exceptions to the accrual of a cause of action for sexual molestation of a minor.' The Legislature thus has disavowed any intent to interfere with the judicial determination of whether the delayed discovery rule should apply." (*Evans, supra,* 216 Cal.App.3d at p. 1614.) Similar language can be found in the 1990 version of Code of Civil Procedure section 340.1, former subdivision [*l*]: "Nothing in the amendments specified in subdivision (k) shall be construed to preclude the courts from applying equitable exceptions to the running of the applicable statute of limitations, including exceptions relating to delayed discovery of injuries, with respect to actions commenced prior to January 1, 1991."

The present version of Code of Civil Procedure section 340.1, which applies to *adult* plaintiffs, contains a partial delayed discovery rule: "(a) In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later, for any of the following actions: [¶] (1) An action against any person for committing an act of childhood sexual abuse. [¶] (2) An action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff. [¶] (3) An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the

· plaintiff. [¶] (b)(1) No action described in paragraph (2) or (3) of subdivision (a) may be commenced on or after the plaintiff's 26th birthday. . . ."

■ In this case, however, Code of Civil Procedure section 340.1's delayed discovery rule does not yet apply, if ever, because it is impossible for plaintiff, while still a minor, to contend that he only recently "discovered that psychological injury or illness occurring *after the age of majority* was caused by the sexual abuse." (Code Civ. Proc., § 340.1, subd. (a), italics added.)

Given that no statutory rule of delayed discovery applies to this case, we must decide whether the complaint has alleged sufficient facts to invoke the *equitable* doctrine of delayed discovery and, if not, whether the complaint may be amended to cure that defect.

■ The Supreme Court's reluctance to apply the delayed discovery rule of accrual in *John R.* is not persuasive here given the critical factual differences between this case and *John R.* In *John R.*, the alleged molestation occurred when the minor plaintiff (John) was in junior high school. John, accordingly, was much older when the abuse allegedly occurred than was our plaintiff, who was only five years old when the alleged molestation began. One of the "[t]wo common themes run[ning] through the cases applying the discovery rule of accrual" is that "the rule is applied to types of actions in which it will generally be difficult for plaintiffs to immediately detect or comprehend the breach or the resulting injuries. . . . Even when the breach and damage are not physically hidden, they may be beyond what the plaintiff could reasonably be expected to comprehend." (*Evans, supra,* 216 Cal.App.3d at pp. 1614–1615.) The awareness of a junior high school student that he is being sexually molested is, in general, much greater than that of a five year old.

In addition, *John R.* gave no indication that John was living in foster care when the molestation occurred or that John lacked parents who were legally able to represent his interests. In *John R.,* the alleged molestation occurred in February 1981; John's father learned of the alleged molestation in December 1981. John's parents submitted a late-claim application to the school district in May 1982, some 15 months after the alleged February 1981 molestation. The district denied the late-claim application as untimely, because it was not filed within one year of the date of accrual of John's causes of action, as measured from the date of the February 1981 molestation.

■ In this case, it is significant that plaintiff was living in foster care when the molestation occurred and he had no parent, at that time, who was legally able to represent his interests. Had plaintiff filed a late-claim application within a year of termination of his dependency case (see *County of Los*

*Angeles, supra,* 91 Cal.App.4th at p. 1313), the County would have been *required* to grant the late-claim application because plaintiff is a minor. (Gov. Code, § 911.6, subd. (b)(2) ["The board shall grant the application where . . . [¶] . . . [¶] . . . [t]he person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim"].) If, as the County contends, the cause of action accrued no later than February 1999, when the alleged molestation ceased, the County still would have been required under *County of Los Angeles* to grant a late-claim application filed by October 20, 2000 (the date of termination of dependency jurisdiction), even though more than one year had passed from the County's February 1999 accrual date. Accordingly, the Legislature has expressed a policy of providing more leeway for late claims filed by minors who were allegedly injured while in foster care.

▆ There is nothing in the statutory scheme to prohibit courts from granting additional time for the accrual of claims by minors who, due to their young age, inexperience, ignorance, or other vulnerabilities were unable to comprehend that they had been molested. The Legislature explicitly recognized that such comprehension can be delayed when it created very generous limitations periods for adults who belatedly realize "that psychological injury or illness occurring after the age of majority was caused by the sexual abuse" that occurred many years ago in childhood. (Code Civ. Proc., § 340.1, subd. (a).)

In *DeRose v. Carswell* (1987) 196 Cal.App.3d 1011 [242 Cal.Rptr. 368], a case decided before the Legislature extended the limitations periods for childhood sexual abuse (Code Civ. Proc., § 340.1), the adult plaintiff waited several years after reaching majority to sue her stepgrandfather for sexual molestation. (As the defendant in *DeRose* was not a public entity, the accrual of the plaintiff's cause of action was tolled until she reached majority under Code of Civil Procedure, section 352, subdivision (a).) The plaintiff's delayed discovery theory of accrual was rejected in *DeRose* on the ground "that an assault, which by definition is unconsented to and offensive, causes immediate harm as a matter of law, and provides an immediate right to sue. ([*DeRose, supra,* 196 Cal.App.3d] at pp. 1017–1018 . . . .)" (*Evans, supra,* 216 Cal.App.3d at p. 1618.)

In this case, "[w]e cannot, however, state as a matter of law that it is psychologically impossible for plaintiff[] to have lived in such continuing ignorance that what happened to [him] was wrong." (*Evans, supra,* 216 Cal.App.3d at p. 1619.)

In *Evans, supra,* 216 Cal.App.3d 1609 (a case which also predated the extended statute of limitations provided by Code Civ. Proc., § 340.1 for

childhood sexual abuse), the adult plaintiffs sued their former foster father (who was also their uncle) for damages resulting from his alleged sexual abuse of them as foster children. The appellate court reversed the order of dismissal following the sustaining of a demurrer without leave to amend on statute of limitations grounds, holding that it was reasonably possible for the plaintiffs to amend the complaint to allege a delayed discovery theory of accrual. The court in *Evans* explained its ruling in part as follows: "To demand that a young child assume the wrongfulness of any parental order, and hold himself in readiness to sue upon majority, would be unreasonable. By law and for sound social policies the child must place his trust in the parent and submit to parental authority. [¶] Although the allegations of the complaint as it stands are insufficient to invoke the delayed discovery rule, there is a reasonable possibility plaintiffs can amend to allege an unawareness, lasting into adulthood, that the acts done to them were wrongful." (*Id.* at p. 1619.)

 Given that it is reasonably possible for adults who claim they were molested as children "to allege an unawareness, lasting into adulthood, that the acts done to them were wrongful" (*Evans, supra,* 216 Cal.App.3d at p. 1619), it is all the more reasonably possible for a 12- or 13-year-old child such as plaintiff to allege he was unaware that the acts done to him between the ages of five and eight were wrongful, particularly when he also alleges that his foster parent saw the alleged molestation but failed to stop it. If "[b]y law and for sound social policies the child must place his trust in the [foster] parent and submit to parental authority" (*ibid.*), it is reasonable to believe this minor plaintiff can amend to allege that due to his youth, ignorance, and inexperience, coupled with his foster parent's alleged complicity in the abuse, he was unaware that what was done to him was wrongful prior to his mother's discovery of the abuse.

Given there is a reasonable possibility the complaint can be amended to allege facts sufficient to invoke the delayed discovery rule of accrual, we conclude the trial court abused its discretion in sustaining the demurrer without leave to amend. Under Code of Civil Procedure section 472c, subdivision (a), "When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made."

We reverse the order of dismissal and direct the trial court to enter a new order sustaining the demurrer with leave to amend. We hold that plaintiff must be given leave to amend to allege, if he is able to do so truthfully—given his youth, ignorance, and inexperience, as well as his foster parent's alleged complicity in the abuse—that he lacked a real awareness, until his

mother's discovery of the alleged molestation, that what happened to him between the ages of five and eight was wrong. Such truthful allegations would be sufficient, in our view, to invoke the equitable delayed discovery rule of accrual, under which plaintiff's claim would be deemed timely for pleading purposes.

## DISPOSITION

We reverse the judgment (order of dismissal) and direct the trial court to enter a new order sustaining the demurrer with leave to amend. Plaintiff is awarded costs.

Spencer, P. J., and Mallano, J., concurred.