Filed 9/4/15  Frank Z. v. Los Angeles Unified School Dist. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FRANK Z., | B258812 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS149054) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Joanne B. O'Donnell, Judge.  Affirmed.

Owen Patterson & Owen, Susan A. Owen, Tamiko B. Herron for Plaintiff and Appellant.

Sedgwick, Craig S. Barnes, Michael M. Walsh; Andrade Gonzalez, Sean A. Andrade, Stephen V. Masterson for Defendant and Respondent.

_____

As a child, in 1999-2000, plaintiff was exposed to deviant behavior by a school teacher. In 2014, four years after reaching adulthood, plaintiff made a claim for damages against the school district; it was rejected as untimely. The trial court denied plaintiff's request for relief. (Gov. Code, § 946.6.)[1] Plaintiff did not explain why it took him 14 years to realize that the teacher's conduct was wrong. He did not carry his burden of showing delayed discovery of the facts, or mistake or excusable neglect. We affirm.

## FACTS

### *Plaintiff's Government Claim*

On April 1, 2014, plaintiff Frank Z., then 22 years of age, presented a claim for damages to defendant Los Angeles Unified School District (LAUSD) arising from the acts of codefendant Mark Berndt, a teacher at Miramonte Elementary School. Since 1990, students allegedly complained to LAUSD staff that Berndt engaged in inappropriate conduct, such as masturbating at his desk during class, trying to touch a student's genitals, and having children eat cookies covered with a shiny, whitish substance. Plaintiff alleges that LAUSD did not act upon the complaints.

In 2011, a criminal investigation was instituted when the sheriff's department received photographs taken by Berndt, depicting blindfolded children with tape over their mouths. Some had a blue plastic spoon near their mouths, filled with a white, murky substance. A search of Berndt's home turned up hundreds of photographs, and a blue spoon and container that tested positive for Berndt's semen. Berndt was removed from the classroom in 2011, then arrested in 2012.

In 1999-2000, when plaintiff was eight or nine years old, he was a student in Berndt's classroom. Plaintiff declares that Berndt acted inappropriately by: blindfolding plaintiff and feeding him cookies with a "whitish" liquid on them; placing cockroaches on plaintiff's desk and photographing him; hugging plaintiff before class; touching plaintiff's neck or back; putting his hand up or under plaintiff's shirt while hugging him;

---

[1]    All undesignated section references in this opinion are to the Government Code.

2

sitting at the front of the classroom with his hands moving under his shorts and making strange faces; locking the classroom room and showing old movies while making "strange noises" at the back of the classroom; and coming to plaintiff's home on a few occasions after school or on weekends, to drive him and his siblings or friends around the neighborhood. Inappropriate or sexual conduct occurred the entire time that plaintiff was a student in Berndt's classroom.

Plaintiff does not disclose whether he told his parents about Berndt's conduct. He disavows having suppressed his memories of these events. He does not assert that he hid the abuse due to threats made by Berndt.

In his claim, plaintiff stated that prior to September 2013, he "was not aware of the arrest and prosecution of Berndt and/or the true nature of the sexual acts of Berndt while [plaintiff] was a student at Miramonte." Plaintiff declares that he lived in Texas with his wife before returning to California in January 2014. "It was not until that time that I realized that the conduct by Berndt, perpetrated upon myself and other Miramonte students, was wrong. Since I was a child at the time I was in Berndt's classroom, I was unable to understand and comprehend the nature of his reprehensible conduct." Plaintiff continues, "now finding out about what he did to me, I feel guilt and self-blame, such that I suffer from anger, anxiety, nightmares and depression. Now, as an adult, I have to live with the memories of what Berndt did to me and all of the other children that were in my class at Miramonte."

LAUSD returned plaintiff's claim, as it was not presented within six months of the tortious event, and advised plaintiff "to apply without delay" for leave to present a late claim. Plaintiff served LAUSD with his request for leave to present a late claim on May 5, 2014. His request was denied a few days later.

### *Plaintiff's Request for Relief in the Trial Court*

Plaintiff petitioned the trial court for relief from government claim filing requirements. He alleged that his "youth, ignorance and inexperience at the times of the molestation [made it] impossible for [plaintiff] to have reason to suspect the type of wrongdoing that injured him." He trusted his teacher and LAUSD, and did not realize

3

that Berndt's conduct was inappropriate.  Plaintiff "was unable to appreciate the existence, nature and extent of Berndt's victimization until approximately January 2014," because he was in Texas and did not discover that psychological injuries or illnesses he suffered are directly related to Berndt's abuse.  Plaintiff asserted that his delay in filing a claim resulted from mistake and excusable neglect, and that LAUSD was not prejudiced as it had actual notice of Berndt's misconduct, even before plaintiff attended Miramonte in 1999-2000.

LAUSD opposed the petition, arguing that plaintiff's claim was far too late, because it had to be presented within one year after accrual.  Plaintiff did not plead unawareness of his victimization, so he cannot invoke the delayed discovery rule.  Plaintiff did not show mistake or excusable neglect.  Finally, LAUSD argued that it would be prejudiced by plaintiff's delay.

### THE TRIAL COURT'S RULING

The trial court wrote that Frank Z. bears the burden of demonstrating that he is entitled to relief.  Plaintiff asserted that his claim was late because he was a minor when the abuse occurred.  He lived outside California and learned of Berndt's misdeeds upon his return to California in January 2014.

The court determined that Frank Z.'s claim accrued at the time of the sexual abuse, on December 31, 2000, at the latest.  The court lacked jurisdiction to grant relief because a claim application must be filed within a reasonable time, not to exceed one year.  Frank Z.'s application in 2014 was over a decade too late.

The delayed discovery rule does not assist Frank Z. by postponing the accrual of his claim.  Frank Z. reasonably related that when he was eight or nine years old he did not comprehend the sexual nature of Berndt's conduct or realize that Berndt's acts were wrongful.  However, the delayed discovery doctrine requires "ongoing reasonable diligence" and Frank Z. did not explain the intervening years between the accrual of his claim in 2000 and his presentation of a claim in 2014, when he was 22 years old and a married adult.  Plaintiff gave no insight into why his realization that Berndt's conduct "was wrong" arose in 2014, but not before.  He does not suggest that he "remained

4

unaware of the wrongfulness of inappropriate touching by a teacher or a teacher's masturbation in the classroom" once he reached the age of majority in 2009. Frank Z. "fails to establish his inability to discover the relevant facts earlier and therefore fails to demonstrate that the delayed discovery doctrine postponed the accrual of his cause of action so as to render his application for leave to present a late claim timely."

Even if the delayed discovery rule applies, Frank Z. did not show that his failure to present a timely claim resulted from mistake, inadvertence, surprise or excusable neglect. He "does not describe what mistake or neglect led to the untimely presentation of the underlying claim," and incorrectly conflates his excusable neglect and delayed discovery theories. LAUSD need not establish prejudice because Frank Z. failed to show excusable neglect. The court denied Frank Z.'s petition.

## DISCUSSION

Appeal lies from an order denying relief to a claimant who failed to present a timely claim to a government entity; the order is reviewed for an abuse of discretion. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435, fn. 8; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1772, fn. 1.) Frank Z. raises several issues on appeal: (1) the accrual of his claim against LAUSD; (2) the delayed discovery rule; and (3) his mistake and excusable neglect.

### 1. The Accrual of Plaintiff's Claim

A claim against a public entity arising from injury must be presented within six months after the cause of action accrues. (§ 911.2.) If the claimant misses the six-month mark, a late claim must be presented "within a reasonable time not to exceed one year after the accrual of the cause of action." (§ 911.4, subd. (b).) "Generally, a cause of action for child sexual molestation accrues at the time of molestation." (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 210; *J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1222)

This Court has previously addressed the accrual of a child molestation claim against LAUSD. In *V.C. v. Los Angeles Unified School Dist.* (2006) 139 Cal.App.4th 499 (*V.C.*), the plaintiff was repeatedly molested by her teacher from 2001 to 2003, when

5

she was ages 11 to 13. The victim's mother suspected wrongdoing, and complained to LAUSD. In August 2003, the teacher was arrested for his misconduct. A claim presented to LAUSD in September 2004 was rejected as untimely, and permission to file a late claim was denied. The minor filed suit. (*Id.* at pp. 504-505.)

We acknowledged that in cases of continuous sexual molestation, accrual of a claim is measured from the date of the last molestation. The victim's claim was presented one month too late, under the time limits specified in the Government Code, because the last molestation was in August 2003, when the teacher was arrested, but no claim was made until September 2004. The claim accrued even though the plaintiff was a minor child. V.C.'s failure to present a timely claim barred her lawsuit. (*V.C.*, *supra*, 139 Cal.App.4th at pp. 509-514.)

Frank Z. alleges that sexual or psychosexual abuse "occurred during the entire time" he was Berndt's student. The last possible accrual date for plaintiff's claim is in 2000, at the end of plaintiff's contact with Berndt. Plaintiff's claim to LAUSD in 2014 far exceeded the permissible filing period.

## 2. The Delayed Discovery Rule

While a cause of action generally accrues when a wrongful act is done, accrual may be postponed under the delayed discovery rule. Under this equitable rule, accrual is postponed "until the plaintiff discovers, or has reason to discover, the cause of action" meaning "he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof—when, simply put, he at least 'suspects . . . that someone has done something wrong' to him," using a lay understanding of what a "wrong" is. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397-398; *V.C.*, *supra*, 139 Cal.App.4th at p. 515; *S.M. v. Los Angeles Unified School Dist.* (2010) 184 Cal.App.4th 712, 717.)

The knowledge contemplated by the delayed discovery rule is *inquiry* notice: plaintiff "need not know the 'specific "facts" necessary to establish' the cause of action; rather, he may seek to learn such facts through the 'process contemplated by pretrial discovery'; but, within the applicable limitations period, he must indeed seek to learn the

6

facts necessary to bring the cause of action in the first place—he 'cannot wait for' them 'to find' him and 'sit on' his 'rights'; he 'must go find' them himself and 'file suit' if he does." (*Norgart v. Upjohn Co.*, *supra*, 21 Cal.4th at p. 398.)

Frank Z.'s declaration demonstrates that he recalls, in considerable detail, what occurred in Berndt's classroom. Plaintiff described Berndt "putting his hands under/up my shirt when he hugged me." Plaintiff declared, "I recall seeing Berndt sitting at his desk in the classroom with his hands under his shorts making strange fac[e]s. I recall seeing Berndt's hands moving under his short[s]. At that time, when I was a minor child, I did not understand that Berndt was masturbating."

The trial court accepted—and we accept as well—that eight-year-old Frank Z. did not understand Berndt's conduct in 1999-2000. By the time plaintiff reached adulthood, if not earlier, he would have understood the sexual nature of Berndt's activities. Plaintiff cannot rely on his childhood naivete to claim he had no idea that Berndt's conduct was wrong until 2014, when he learned of the teacher's arrest.[2]

Plaintiff had an ongoing duty to take action, instead of sitting on his rights. Taking action did not require awareness of the extensive media coverage about Berndt and LAUSD. Berndt's sexual misconduct was an established fact when it took place in plaintiff's presence in 1999-2000. Plaintiff did not know it was wrong then, but as an adult, he does. Plaintiff may have realized in 2014 that there was a legal theory of recovery for Berndt's misconduct. Yet inquiry notice does not require knowledge of a legal theory, just a suspicion of wrongdoing. Plaintiff's declaration shows awareness of Berndt's bad acts since 1999, but no explanation as to why plaintiff did not consider the wrongdoing actionable until 2014.

---

[2]     Plaintiff's claim to LAUSD, at page 41 of the Clerk's Transcript, indicates that in September 2013, he learned of Berndt's arrest for child molestation and recognized the sexual nature of Berndt's classroom behavior. Plaintiff dallied over six months before presenting his claim in April 2014 after learning of the arrest, using the September 2013 date. Given the passage of years, his continued delay after learning of Berndt's arrest was unreasonable per se.

Plaintiff relies, unavailingly, on *Curtis T. v. County of Los Angeles* (2004) 123 Cal.App.4th 1405. In that case, a foster child was sexually abused from ages five to eight, and filed a claim when he was age 12, within six months after his mother regained custody of him and discovered the molestations, which the foster parent witnessed but failed to stop. (*Id.* at pp. 1411-1412.) The court wrote, "it is reasonable to believe this minor plaintiff can amend to allege that due to his youth, ignorance, and inexperience, coupled with his foster parent's alleged complicity in the abuse, he was unaware that what was done to him was wrongful prior to his mother's discovery of the abuse." (*Id.* at p. 1422.) *Curtis T.* is inapposite, as Curtis was still a child, and unaware that the abusive conduct allowed by his caregiver was wrongful. Here, Frank Z. had no complicit foster caregiver, and reached majority four years before filing his claim.

Plaintiff cites a case in which a 15-year-old was seduced by a teacher, who engaged in sexual relations with her in empty classrooms for three years, after which the teacher was arrested for his illegal conduct. (*K.J. v. Arcadia Unified School Dist.* (2009) 172 Cal.App.4th 1229, 1235.) Accrual was delayed for 11 months after arrest because the student "believed she was in love with him," "felt dependency, loyalty, affection and friendship," and required psychotherapy to understand that she was victimized. (*Id.* at pp. 1234, 1240.) While Frank Z. may have been trusting toward Berndt in 1999-2000, as a youngster in Berndt's classroom, he did not have a loving or dependent sexual relationship for three years, unlike the *K.J.* scenario. Frank Z. claims no contact with Berndt after 2000, let alone into adulthood.

Far more relevant to our discussion is the Supreme Court's decision in *Shirk v. Vista Unified School Dist.*, *supra*, 42 Cal.4th 201, in which a 41-year-old plaintiff sued a school district for sexual molestations by a teacher that occurred when she was 15. As an adult, Shirk encountered the teacher, was "'very upset,'" and consulted a mental health professional, who told her that she was suffering psychological injuries due to the long-ago abuse. (*Id.* at pp. 205, 210.) Shirk's belated realization of harm did *not* cause her claim to accrue (or reaccrue) when she discovered her adult-onset psychological injury. (*Id.* at pp. 210-214.)

8

Plaintiff failed to carry his burden of showing that his delay was not the result of negligence, or that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry. (*V.C.*, *supra*, 139 Cal.App.4th at p. 516.) His cause of action accrued long before he turned 22 years of age. The trial court correctly determined that there are no facts supporting application of the delayed discovery rule.

### 3. Petition for Judicial Relief

A claimant may seek judicial relief within six months after a public entity denies leave to present a late claim. (§ 946.6, subd. (b).) Frank Z. timely filed his petition for relief with the trial court one month after LAUSD denied his application for leave to file a late claim, well within the six-month statutory period.

Section 946.6 is "a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary claimant," to encourage hearing cases on their merits, if possible. (*Ebersol v. Cowan*, *supra*, 35 Cal.3d at p. 435.) The court shall relieve the petitioner if (1) application to file a late claim was made to the public entity "within a reasonable time," not to exceed one year from the date the cause of action accrued and (2) failure to present the claim resulted from mistake, inadvertence, surprise or excusable neglect, unless the public entity shows that it would be prejudiced in its defense of the claim. (§§ 946.6, subd. (c), 911.4, subd. (b).)

Frank Z. did not meet the requirements of section 946.6 because his application to present a late claim to LAUSD was made more than one year after the accrual of the cause of action. This requirement is jurisdictional: if the application to file a late claim "is filed more than one year after the accrual of the cause of action, the court is without jurisdiction to grant relief" under section 946.6. (*J.J. v. County of San Diego*, *supra*, 223 Cal.App.4th at p. 1221.) In calculating the one-year period in which to file a late claim with a public entity, "[t]he time during which the person who sustained the alleged injury, damage, or loss as a minor shall be counted," unless he or she is mentally incapacitated

9

and does not have a guardian or conservator.  (§ 911.4, subd. (c)(1).)[3]  The trial court correctly determined that it had no jurisdiction to grant relief.

Frank Z. observes that the trial court's denial of relief is examined more rigorously than where relief is granted, and its discretion may be abused where adequate cause for relief is shown by uncontradicted evidence or affidavits of the petitioner.  (*Ebersol v. Cowan*, *supra*, 35 Cal.3d at p. 435; *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275-276.)  By the same token, "[t]he policy favoring trial on the merits cannot be applied indiscriminately to render statutory time limits ineffective." (*Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1382.)

The uncontradicted evidence in this case shows that Frank Z. was personally subjected to inappropriate conduct by his teacher in 1999-2000.  He provided no credible reason why he failed to file a claim with LAUSD before 2014.  Merely living in Texas for a period of time does not excuse plaintiff's failure to hire a lawyer and file a timely claim in California, once he was old enough to comprehend the nature of Berndt's actions.  Though LAUSD knew of Berndt's conduct before it received Frank Z.'s claim, plaintiff still had to comply with the claims statutes:  "Even if the public entity has actual knowledge of facts that might support a claim, the claims statutes still must be satisfied." (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991.)  The trial court did not abuse its discretion by rejecting Frank Z.'s argument that mistake or excusable neglect precluded him from submitting a timely initial claim.

---

[3]    Plaintiff does not argue that his delay was caused by mental incapacity.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

11