[No. B182153. Second Dist., Div. Eight. Aug. 31, 2006.]

THOMAS A. HIGHTOWER, Plaintiff and Appellant, v.
ROMAN CATHOLIC BISHOP OF SACRAMENTO, Defendant and
Respondent.

## COUNSEL

Thomas A. Hightower, in pro. per., for Plaintiff and Appellant.

Sweeney & Greene LLP, James F. Sweeney, Stephen J. Greene, Jr., and Stephen R. McCutcheon, Jr., for Defendant and Respondent.

## OPINION

**RUBIN, J.**—Plaintiff Thomas A. Hightower sued the Roman Catholic Bishop of Sacramento (the bishop) for sexual abuse allegedly committed on him by a Catholic priest in the early 1970's. Hightower appeals from the judgment entered after the trial court sustained without leave to amend the bishop's demurrers to the complaint because the statute of limitations had expired. We affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Thomas A. Hightower sued the bishop based on allegations that he was lured into a life of sexual abuse at the hands of a priest, Mario Blanco, for a two-year period beginning in 1970 when Hightower was just 12 years old.[1] According to Hightower's first amended complaint, Blanco worked

---

[1] He also sued Blanco, the Sacramento Archdiocese, and the late Pope John Paul II. None is a party to this appeal.

Hightower's complaint is one of many others from throughout the state against various entities and individuals affiliated with the Catholic Church for childhood sexual abuse. Those cases have been coordinated in the Los Angeles County Superior Court and the Alameda County Superior Court. The Second District Court of Appeal has been designated as the intermediate appellate court for the coordinated cases. The Bay Area cases, including Hightower's, are known as *The Clergy Cases III*. (Cal. Rules of Court, rule 1550(c).)

*The Clergy Cases III* include: *The Roman Catholic Bishop of Oakland v. Superior Court (Thatcher)* (B179053); *The Roman Catholic Archbishop of San Francisco v. Superior Court*

under the bishop's supervision and the bishop was aware of Blanco's behavior, but failed to take steps to protect Hightower or others.[2] Hightower also alleges that he was turned into a child molester himself as a result of the abuse, which otherwise shattered his life and those of his various wives and children. He is currently serving a state prison sentence of 30 years to life for child molestation.

Effective in 2003, the Legislature amended Code of Civil Procedure section 340.1 to revive time-barred claims against entities and others for failing to adequately safeguard children from sex abuse committed by their agents or employees. That amendment, which we discuss in detail below, gave plaintiffs until December 31, 2003, to file such an action. On that date, Hightower deposited in the prison mailbox a document for filing with the Sacramento Superior Court captioned "MOTION FOR JUDICIAL NOTICE OF INTENT TO SUE FOR CHILDHOOD SEXUAL ABUSE. DECLARATORY RE-LIEF." The document stated, in relevant part:

"Please take Judicial Notice of this motion of intent to sue for childhood sexual abuse by clergy of the Arch Diocese [sic] of Sacramento.

"Plaintiff, Thomas A. Hightower, a in pro per inmate at Mule Creek State Prison, does hereby swear under the penalty of perjury, that he was the subject of two (2) years of [continuous] sexual abuse by clergy of the Sacramento Arch Diocease [sic], between 1970–1972, when plaintiff was but 12 years of age.

"Plaintiff was represented by counsel for apx. 6 months . . . . After the prison at SATF created unreasonable restrictions of confidential contact, [my lawyers] drop the case for business reasons only, and not the merits of the case. And failed to assist plaintiff to secure new representation.

---

(*Kavanaugh*) (B181245); *John Doe 1 et al. v. The Roman Catholic Bishop of Oakland* (B181520); *Sarah W. v. Does 1 et al.* (B182149); *Allyn et al. v. The Catholic Diocese of Monterey* (B182469); *Perez et al. v. Richard Roe 1 et al.* (B182814); *Dutra v. Eagleson* (B183033); *Jane Doe 1 et al. v. James Roe 1* (B184048); *The Roman Catholic Bishop of San Francisco v. Superior Court* (*John Doe 16*) (B184213); *George Doe v. The Roman Catholic Bishop of Stockton* (B185440); *Lopes v. De La Salle Institute* (B185910); *The Redemptorist Society of California, Inc. v. Superior Court* (*Marley*) (B186874); *James Doe et al. v. The Catholic Diocese of Monterey et al.* (B187648); *Dutra et al. v. Congregation of Holy Cross et al.* (B188393); *Oregon Province of the Society of Jesus v. Superior Court* (*Brooks*) (B189394); and *James Doe 1 et al. v. The Archbishop of San Francisco et al.* (B192531).

[2] We have both summarized and sanitized the allegations of Hightower's first amended complaint, which includes an excruciatingly detailed and extremely graphic account of the alleged abuse. The complaint states several causes of action under different legal theories, but each is based on the bishop's alleged failure to adequately supervise Blanco and protect children such as Hightower from Blanco's conduct.

"Plaintiff does qualify under the window of CCP § 340.1, to file his claim by 12/31/03, the date this motion is delivered to prison authorities for mailing, Mailbox Rule applies.

"Under CCP § 352.1, plaintiff believes he qualifies for one additional year of time in which to file his complaint/suit.

"Plaintiff asks this Honorable Court to declare his Rights, as having this additional year to file suit under CCP § 352.1. And further declare that this motion of intent to sue will be declared a sufficient filing to qualify plaintiff for the Legislative window of CCP § 340.1, for timely revival of old claims.

"Further declare that the Prison Mailbox Rule applies and this notice is sufficiently filed 12/31/03, and begins the tolling of the time in which to file formal suit.

"Formal suit will be filed within 60 days, or sooner if plaintiff secures new counsel.

"Further declare that [my lawyers] committed a breach of contract and legal malpractice for failure to find new counsel for plaintiff before withdrawing from counsel of record, or to prosecute this claim sooner."

On January 14, 2004, the Sacramento court refused to file this document as a complaint because Hightower did not include the filing fee or a fee waiver request. In response, Hightower sent the motion again, along with a fee waiver request, but that too was rejected on the ground that an action may not be initiated by a motion. On April 5, 2004, Hightower filed his original complaint, followed by a certificate of merit that included psychological treatment records indicating that he was in fact a sex abuse victim.[3] Shortly after that, Hightower filed a motion asking the Sacramento court to review his earlier notice of intent to sue, and declare that his action was not barred by the statute of limitations. In June 2004, the Sacramento court accepted Hightower's certificate of merit and accepted his complaint for filing. It refused to rule on the statute of limitations and legal malpractice issues, however, because they were premature.

---

[3] That certificate is a requirement of Code of Civil Procedure section 340.1. All further section references are to the Code of Civil Procedure.

On July 9, 2004, Hightower filed his operative first amended complaint, which included the sex abuse allegations mentioned above, along with a section concerning the statute of limitations. In that section, Hightower alleged the existence of the one-year revival period in section 340.1, and the notice of intent to sue that he filed on December 31, 2003, when the revival period ended. He alleged that as a state prison inmate he had an extra year to file his complaint under section 352.1 and that the delayed discovery rule for repressed childhood memories applied. He also alleged that his former lawyers quit in October 2003 without having filed an action, leaving him to learn the law and file his complaint on time.

The bishop demurred to the first amended complaint on the ground that the statute of limitations ran on December 31, 2003, and that the notice of intent to sue which Hightower filed on that date was not a complaint. Because no complaint was filed until April 2004, the action was time-barred, the bishop contended.[4] Hightower countered that the document he filed in December 2003 was sufficient, especially because the bishop had been on notice since 2002 that Hightower had a claim and intended to sue.[5] He also contended that his delayed discovery of his cause of action, and the fact that he was a prison inmate, both extended the statute of limitations, making his April 2004 complaint timely. At the hearing on the demurrers, Hightower admitted that the notice of intent to sue he filed on December 31, 2003, was to put the court on notice that he was "suing these people, this is what I'll be suing for, *and the formal complaint is being composed just as fast as I can get it composed.*" In short, after filing that notice, Hightower planned to "file an extended complaint." After hearing that and reviewing the language of the notice of intent to sue, the court reversed its tentative decision to overrule the demurrers on the statute of limitations, and instead sustained that demurrer without leave to amend. A judgment of dismissal was entered as to the bishop, and this appeal followed. Hightower makes the same contentions on appeal that he did below in opposition to the demurrers.

## STANDARD OF REVIEW

In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff-appellant. Regardless of the label attached to the cause of action, we

---

[4] The bishop also demurred to several of the individual causes of action on various grounds, none of which is relevant to this appeal.

[5] If that document is a complaint, then it was timely filed upon delivery to prison authorities for mailing to the superior court. (*Moore v. Twomey* (2004) 120 Cal.App.4th 910, 918 [16 Cal.Rptr.3d 163].)

must examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. (*Black v. Department of Mental Health* (2000) 83 Cal.App.4th 739, 745 [100 Cal.Rptr.2d 39].) The judgment will be affirmed if it is proper on any of the grounds raised in the demurrer, even if the court did not rely on those grounds. (*Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 989 [94 Cal.Rptr.2d 643].)

We will not, however, assume the truth of contentions, deductions, or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact that may be judicially noticed. When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper. (§ 430.30, subd. (a); *Black v. Department of Mental Health, supra*, 83 Cal.App.4th at p. 745.) We may take judicial notice of the records of a California court. (Evid. Code, § 452, subd. (d).) We must take judicial notice of the decisional and statutory law of California and the United States. (Evid. Code, § 451, subd. (a).)

## DISCUSSION

### 1. *The Applicable Limitations Period*

Hightower alleges he was sexually abused from 1970 to 1972. Under the limitations period applicable at that time, his claims would have been barred within one year (§ 340), but were extended until he reached age 19 because he was a minor when the abuse occurred. (§ 352, subd. (a); *Tietge v. Western Province of the Servites, Inc.* (1997) 55 Cal.App.4th 382, 385 [64 Cal.Rptr.2d 53] (*Tietge*).) Accordingly, his claims were time-barred as of approximately 1977.

The Legislature added section 340.1 in 1986, enlarging the limitations period to three years for sexual abuse of a child under age 14 by a household or family member. The statute did not apply to entities such as the bishop, however. (*Tietge, supra*, 55 Cal.App.4th at p. 385.) Section 340.1 was amended several times after that, including a 1994 amendment that extended the statute of limitations to the later of age 26, or three years after the plaintiff discovers or should have discovered that psychological injury was caused by the sexual abuse. (Former § 340.1, subd. (a).) That amendment, however, extended to only the perpetrator, not to entities that employed or otherwise supervised the perpetrator. (*Tietge, supra*, at pp. 385–388.) Effective 1998, that defect was remedied when the Legislature amended section 340.1,

subdivision (a) to include causes of action for sex abuse against persons or entities other than the perpetrator. (*Mark K. v. Roman Catholic Archbishop* (1998) 67 Cal.App.4th 603, 610, fn. 4 [79 Cal.Rptr.2d 73]; see Historical and Statutory Notes, 13C West's Ann. Code Civ. Proc. (2006 ed.) foll. § 340.1, pp. 172–173.) Under that amendment, the age 26 cutoff still applied, however, meaning that Hightower's claims remained time-barred.

Effective 2003, section 340.1 was amended once more. The age 26 cutoff still applied (§ 340.1, subd. (b)(1)), except in cases such as this, where the nonperpetrator defendant knew or had reason to know of its agent's or employee's unlawful conduct and failed to take reasonable steps to protect others from the sex abuser. ( § 340.1, subd. (b)(2).) In those cases, the statute of limitations now runs until the later of the plaintiff's 26th birthday or three years after the plaintiff discovers or should have discovered that his psychological injuries were the result of childhood sexual abuse. As part of the 2003 amendment, the Legislature also added subdivision (c), which provides that claims covered by subdivision (b)(2) that were barred solely because the statute of limitations had already run were being revived for a one-year period that ended on December 31, 2003.

■ In short, for those claims described by section 340.1 subdivision (b)(2), the statute of limitations runs until the later of plaintiff's 26th birthday or the date by which the plaintiff discovers or should have discovered his psychological injuries were caused by the sex abuse. For any such claims that had expired before January 1, 2003, the Legislature revived them until the last day of that year. (§ 340.1, subd. (c).)

## 2. *Hightower's Claims Are Time-barred*

■ Hightower's complaint falls within the class of claims described by section 340.1 subdivision (b)(2). Because Hightower was older than 26 when the 1998 amendments took effect, the statute of limitations ran on those claims in 1977, and Hightower's complaint was subject to the one-year revival period of section 340.1, subdivision (c). Hightower contends that he made this deadline because the notice of intent to sue he filed on December 31, 2003, was a complaint. We disagree. Although pleadings are to be liberally construed (*Truta v. Avis Rent A Car System, Inc.* (1987) 193 Cal.App.3d 802, 816 [238 Cal.Rptr. 806]), that rule cannot apply to a document that is not a complaint.

■ The thrust of the document Hightower filed on December 31, 2003, is to explain his failure to file a complaint at that time and to seek a ruling that the statute of limitations had not yet run on his claims. The document referred to itself several times as a motion, whose stated purpose was to give notice of his intent to file "formal suit" within 60 days. It also asked the court to determine that Hightower had an extra year "in which to file his complaint/suit," and to otherwise declare that the statute of limitations had not yet run on his claims. Apart from a general statement that beginning at the age of 12 he was sexually abused by a priest of the Sacramento Archdiocese from 1970 to 1972, the document contains no allegations concerning a basis of liability against the bishop, does not mention damages, and seeks no relief. Finally, Hightower confirmed at the hearing on the bishop's demurrers that he filed the December 2003 document in order to put the court on notice that he was suing the bishop, that a formal complaint was being prepared, and that he eventually planned to file a complaint.[6] In short, the December 2003 pleading was a motion, not a complaint, and was insufficient to invoke the jurisdiction of the trial court. (See *Tinn v. U.S. District Attorney* (1906) 148 Cal. 773, 775–776 [84 P. 152], overruled on another ground in *Olivera v. Grace* (1942) 19 Cal.2d 570, 576 [122 P.2d 564].)

Hightower alternatively contends that his April 2004 complaint was timely: (1) because the delayed discovery rule of section 340.1, subdivisions (a) and (b)(2) applies; and (2) because he did not discover the cause of his psychological injuries until completing therapy in 2003, his cause of action did not accrue until he was in prison, giving him an extra two years under section 352.1, subdivision (a). We once more disagree.

As explained above, the statute of limitations ran on Hightower's claims in 1977. When the Legislature first applied the delayed discovery rule to entity defendants like the bishop in 1998, those claims were subject to the outer limit of the plaintiff's 26th birthday, meaning that his claims remained time-barred. Effective 2003, the Legislature extended the limitations period for claims such as Hightower's to the later of the plaintiff's 26th birthday or the date when the plaintiff discovered that his psychological injuries were caused by sexual abuse. At the same time, the Legislature revived for only one year all such claims that were already time-barred. The Legislature therefore drew a clear distinction between claims that were time-barred and

---

[6] We judicially notice this statement as an admission or concession. (*Pang v. Beverly Hospital, Inc., supra*, 79 Cal.App.4th at pp. 989–990.)

those that were not. Hightower's interpretation would obliterate that distinction by allowing his time-barred claim to take advantage of the new limitations period. Therefore, the new delayed discovery rule does not revive Hightower's previously lapsed claims.

Even if Hightower's interpretation were correct, we alternatively hold that he has not alleged any delayed discovery. The section of his first amended complaint devoted to the statute of limitations issue states only that the "delayed discovery rule of repressed childhood sexual assault memories, is also applicable." Elsewhere in the complaint, he alleges that he just learned from therapy that the reason he molested young boys was an act of transference from the sex abuse practiced on him. Nowhere does he allege that he did not discover his psychological injuries were caused by sexual abuse until some more recent time, and he offers no factual basis for such an assertion. In fact, he alleges that he tried to report the abuse to "officials" as early as 1975 and that his certificate of merit shows that his status as a sex abuse victim was referred to in criminal proceedings in 1982. The transcript from Hightower's 1982 plea hearing on a criminal charge of molestation was attached to his certificate of merit, which is part of the record on appeal. That transcript shows his lawyer asking the court to consider as a mitigating factor that Hightower had suffered from depression for a long time and that he was predisposed to commit sex abuse on children because he had been abused as a child. In short, Hightower knew as of 1982 that he was suffering some psychological injuries from the sexual abuse he suffered.

■ As for section 352.1, it gives prison inmates two years from their release to sue for causes of action that accrued while they were in prison. Hightower appears to contend that his cause of action did not accrue until he discovered the cause of his psychological injuries. ■ A cause of action accrues when the wrongful act occurs, but the accrual date may be extended by the discovery rule. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397 [87 Cal.Rptr.2d 453, 981 P.2d 79].) In cases such as this, however, the discovery rule is satisfied when the plaintiff knows that there is some connection between the priest who molested him and the church entity that retained or employed the priest. (*Mark K. v. Roman Catholic Archbishop, supra,* 67 Cal.App.4th at pp. 612-613.) Hightower does not allege that he was unaware of Blanco's connection to the bishop or was somehow prevented from learning of that connection. Accordingly, for purposes of section 352.1, his cause of action accrued no later than 1975 when he tried to report the abuse to various "officials." Because he was not in prison at that time, section 352.1 does not apply.

## DISPOSITION

For the reasons set forth above, the judgment is affirmed. Respondent to recover its costs on appeal.

Cooper, P. J., and Flier, J., concurred.

On September 29, 2006, the opinion was modified to read as printed above.